Honorable Robert S. Lasnik

CC TO JUDGE **KN**

FILED ____ ENTERED
LODGED ____ RECEIVED
SEP 04 2001  KN
AT SEATTLE
CLERK U S DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
BY ___ DEPUTY

CV 01-01158 #00000007

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CYGNUS TELECOMMUNICATIONS TECHNOLOGY, LLC,<br><br>Plaintiff,<br><br>v<br><br>INTERNATIONAL TELECOM LTD and KALLBACK, INC., its subsidiary,<br><br>Defendants. | No. C01-1158L<br><br>DEFENDANT'S ANSWER AND COUNTERCLAIMS |

## I. ANSWER TO CYGNUS COMPLAINT

Defendant International Telecom Ltd ("ITL") hereby answers the Complaint for patent infringement by plaintiff Cygnus Telecommunications Technology, LLC ("Cygnus") dated July 27, 2001 as follows

1   Paragraph No. 1 of the Complaint contains jurisdictional allegations for which no response is necessary

2.   Answering Paragraph No. 2, ITL is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 2 of the Complaint, and on that basis denies each and every allegation contained therein.

3.   ITL admits the allegations contained in Paragraph 3 of the Complaint.

DEFENDANT'S ANSWER
AND COUNTERCLAIMS- 1
ITEL\2161PL7 DOC

CHRISTENSEN O'CONNOR JOHNSON KINDNESS^PLLC

LAW OFFICES
1420 Fifth Avenue, Suite 2800
Seattle, WA 98101 2347
TELEPHONE 206 682 8100

4.  ITL denies the allegations contained in Paragraph 4 of the Complaint because there is no separate legal entity "Kallback Inc."

5.  Answering Paragraph No. 5, ITL is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 5 of the Complaint, and on that basis denies each and every allegation contained therein.

6.  Answering Paragraph 6, ITL is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 6 of the Complaint, and on that basis denies each and every allegation contained therein.

7   To the extent that the allegations contained in Paragraph 7 of the Complaint allege that the claims of the patents-in-suit are entitled to the filing date, April 24, 1992, or are otherwise patentable under 35 U S C. §§ 101, 102, 103, and 112, the allegation is denied   The allegation that the patents-in-suit are presumed valid is a legal conclusion and therefore does not merit a response.

8.  ITL admits that it provides a service commonly known as "international callback," however, the remaining allegations contained in Paragraph 8 of the Complaint are denied

9.  Answering Paragraph No. 9, ITL is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 9 of the Complaint, and on that basis denies each and every allegation contained therein

10.  The allegations contained in Paragraph 10 are denied.

11.  Answering Paragraph 11, ITL has denied using or selling services as claimed by the patents-in-suit, therefore, to the extent that Paragraph 11 of the Complaint contains allegations that ITL's international callback services are in violation of Cygnus' rights, those allegations are denied

As for any other allegation contained in the Complaint, those allegations, if any, are denied.

DEFENDANT'S ANSWER
AND COUNTERCLAIMS - 2
ITEL\2161PL7 DOC

CHRISTENSEN
O'CONNOR
JOHNSON
KINDNESS PLLC

LAW OFFICES
1420 Fifth Avenue, Suite 2800
Seattle, WA 98101-2347
TELEPHONE  206 682 8100

## II. AFFIRMATIVE DEFENSES TO THE CYGNUS COMPLAINT

12. The claims of U.S. Patent Nos. 5,883,964 and 6,035,027 are invalid for failure to comply with one or more provisions of 35 U.S.C § 102.

13. The claims of U.S Patent Nos 5,883,964 and 6,035,027 are invalid for failure to comply with 35 U.S.C § 103.

14. The claims of U.S. Patent Nos. 5,883,964 and 6,035,027 are invalid for failure to comply with one or more provisions of 35 U.S.C. § 112

15. U.S Patent Nos 5,883,964 and 6,035,027 have not and are not being infringed by ITL for at least one of the following reasons:

   (a) ITL does not make, use, sell, offer to sell or import into the United States the invention claimed in either patent in suit,

   (b) because of the prior art, the claims of each patent are not entitled to a scope that would embrace any product made, used, sold or offered for sale by ITL; and

   (c) by reason of the proceedings in the United States Patent and Trademark Office ("the Patent Office") during prosecution of the applications that resulted into the two patents-in-suit, including the admissions by the patentee and representations during those proceedings, Cygnus is precluded from advancing any construction or interpretation of either patent that would cover any product made, used, sold, offered for sale or imported into the United States by ITL.

16. U.S Patent Nos. 5,883,964 and 6,035,027 are unenforceable due to the patentees' inequitable conduct and breach of the duty of candor owed to the Patent Office The patentee, his attorney, or both were aware of material prior art that was not disclosed to the Patent Office during prosecution of the patent application from which the two patents-in-suit issued Such prior art includes products that were sold in the United States more than one

DEFENDANT'S ANSWER
AND COUNTERCLAIMS - 3
ITEL\2161PL7 DOC

CHRISTENSEN
O'CONNOR
JOHNSON
KINDNESS PLLC

LAW OFFICES
1420 Fifth Avenue, Suite 2800
Seattle, WA 98101-2347
TELEPHONE 206.682 8100

year before the filing date of each patent in suit and furthermore anticipated or rendered obvious one or more of the claims being prosecuted in the patent application.

### III. ITL'S COUNTERCLAIMS

In its counterclaims, ITL seeks a declaratory judgment that U S. Patent Nos 5,883,964 and 6,035,027 are invalid and not infringed

17    Counterclaim plaintiff ITL is a corporation organized and existing under the laws of the State of Delaware having a principal place of business at 417 2nd Ave W., Seattle, Washington 98119.

18.   Counterclaim defendant Cygnus filed a Complaint for patent infringement against ITL in the United States District Court for the Western District of Washington on July 27, 2001   The Complaint alleges that ITL has infringed and is now infringing U.S Patent Nos. 5,883,964 and 6,035,027.  Accordingly, there is an actual and justifiable controversy concerning whether the patents-in-suit are valid and infringed by ITL.

19.   ITL's counterclaims arise under the Patent Act, 35 U.S.C. § 1 *et seq.* and the Declaratory Judgments Act, 28 U.S C. §§ 2201 and 2202   This court has jurisdiction over ITL's request for declaratory relief under 28 U.S.C. §§ 1331, 1338, and 2201.  Venue in the United States District Court for the Western District of Washington is proper under 28 U.S.C §§ 1391(b) and (c).

**First Counterclaim:  Declaratory Judgment of Invalidity**

20    ITL realleges paragraphs 17 through 19 above.

21    The claims of U S. Patent Nos. 5,883,964 and 6,035,027 are invalid for failure to comply with one or more provisions of 35 U.S.C. § 102.

22    The claims of U S. Patent Nos. 5,883,964 and 6,035,027 are invalid for failure to comply with 35 U.S.C § 103.

23.   The claims of U S. Patent Nos. 5,883,964 and 6,035,027 are invalid for failure to comply with one or more provisions of 35 U S.C § 112

DEFENDANT'S ANSWER
AND COUNTERCLAIMS - 4
ITEL\2161PL7 DOC

CHRISTENSEN
O'CONNOR
JOHNSON
KINDNESS PLLC

LAW OFFICES
1420 Fifth Avenue, Suite 2800
Seattle, WA 98101-2347
TELEPHONE 206 682 8100

**Second Counterclaim: Declaratory Judgment of Unenforceability**

24. ITL realleges paragraphs 17 through 19 above

25. U S. Patent Nos. 5,883,964 and 6,035,027 are unenforceable by reason of the patentee's inequitable conduct and breach of the duty of candor owed to the Patent Office.

26 The patentee, his patent attorney, or both, were aware of material prior art that was not disclosed to the Patent Office during prosecution of the patent application from which both patents-in-suit issued. Such prior art includes products or services that were sold in the United States more than one year before the filing date of the patent application and that anticipated or rendered obvious one or more claims being prosecuted in either patent application.

27. The patentee's actions during prosecution of both patent applications from which the patents-in-suit issued constitute inequitable conduct that renders unenforceable the U S. Patent Nos. 5,883,964 and 6,035,027.

**Third Counterclaim: Declaratory Judgment of Non-Infringement**

28 ITL realleges paragraphs 17 through 19 above.

29. Neither of the patents-in-suit have been infringed by ITL or are being infringed by ITL for at least the following reasons: (a) ITL does not make, use, sell, offer to sell or import into the United States the invention claimed in U.S Patent Nos. 5,883,964 and 6,035,027; (b) because of the prior art, the claims of the '074 patent are not entitled to a scope that would embrace any product made, sold or offered for sale by ITL; and (c) by reason of the proceedings in the Patent Office during prosecution of the applications that resulted in both patents-in-suit, including the patentee's admissions and representations during those proceedings, the patentee is precluded from advancing any construction or interpretation of the patents-in-suit that would cover any product or service made, used, sold or offered for sale by ITL

Wherefore, defendant ITL prays for the following·

A A judgment declaring that U.S. Patent No. 5,883,964 is invalid;

DEFENDANT'S ANSWER
AND COUNTERCLAIMS - 5
ITEL\2161PL7 DOC

CHRISTENSEN
O'CONNOR
JOHNSON
KINDNESS PLLC

LAW OFFICES
1420 Fifth Avenue, Suite 2800
Seattle, WA 98101-2347
TELEPHONE 206 682 8100

B. A judgment declaring that U.S. Patent No 6,035,027 is invalid;

C A judgment that U.S. Patent No. 5,883,964 is not infringed by ITL;

D A judgment that U S. Patent No. 6,035,027 is not infringed by ITL;

E. An order enjoining Cygnus from further charges of patent infringement and acts of enforcement, or suit, based on U.S Patent Nos. 5,883,964 and 6,035,027 or from patents issuing from the applications leading to the patents-in-suit or claiming priority from those applications;

F A determination that this case is exceptional;

G. An award of ITL's reasonable attorney's fees and costs incurred in this action;

H. And such other and further relief as this court shall deem necessary

Dated this 4th day of September, 2001

CHRISTENSEN O'CONNOR
JOHNSON KINDNESS[PLLC]

*/s/ Mark P. Walters*

James W Anable, WSBA No. 7,169
Mark Walters, WSBA No. 30,819
Christensen O'Connor Johnson
Kindness[PLLC]
1420 Fifth Avenue, Suite 2800
Seattle, WA 98101
Phone. 206.682.8100
Fax· 206.224 0079
Attorney for Defendant International
Telecom, Ltd.

DEFENDANT'S ANSWER
AND COUNTERCLAIMS - 6
ITEL\2161PL7 DOC

CHRISTENSEN O'CONNOR JOHNSON KINDNESS[PLLC]
LAW OFFICES
1420 Fifth Avenue, Suite 2800
Seattle, WA 98101-2347
TELEPHONE 206 682 8100

Honorable Robert S. Lasnik

CC TO JUDGE __KN__

\_\_\_\_ FILED \_\_\_\_ ENTERED
\_\_\_\_ LODGED \_\_\_\_ RECEIVED

SEP 0 4 2001   KN

AT SEATTLE
CLERK U S DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
BY _____ DEPUTY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CYGNUS TELECOMMUNICATIONS TECHNOLOGY, LLC,<br><br>Plaintiff,<br><br>v.<br><br>INTERNATIONAL TELECOM LTD. and KALLBACK, INC , its subsidiary,<br><br>Defendants | No C01-1158<br><br>CERTIFICATE OF SERVICE |

I hereby certify that on the 4th day of September, 2001, the original of the DEFENDANT'S ANSWER AND COUNTERCLAIMS was filed with the Court and true copies were served in the manner listed below.

Via hand delivery to:

    Lawrence D  Graham, Esq.
    Black Lowe & Graham
    816 Second Avenue
    Seattle, WA  98104

    Local Counsel for Defendants

///

///

---

CERTIFICATE OF SERVICE - 1
ITEL\2161COS DOC
09/04/01 2 02 PM

CHRISTENSEN
O'CONNOR
JOHNSON
KINDNESS<sup>PLLC</sup>

LAW OFFICES
1420 Fifth Avenue, Suite 2800
Seattle, WA  98101-2347
TELEPHONE  206 682 8100

ORIGINAL

1 | and a true copy via facsimile to·

2
3 |     John P Sutton
    Attorney at Law
    2421 Pierce Street
4 |     San Francisco, CA 94115-1131
    Facsimile No 1-415-929-7408

5
6 |     Attorneys for Defendants

7 | Executed on ___Sept. 4___, 2001

8
9 | _____
10 | (signature)

11 | JWA/MXW teb

12
13
...
27

CERTIFICATE OF SERVICE - 2
ITEL\2161COS DOC
09/04/01 2 02 PM

CHRISTENSEN O'CONNOR JOHNSON KINDNESS PLLC
LAW OFFICES
1420 Fifth Avenue, Suite 2800
Seattle, WA 98101-2347
TELEPHONE 206 682.8100